**Commonwealth v. Ackles**

*Wardell F. Steigerwalt,* Assistant District Attorney, and *George J. Joseph,* District Attorney, for Commonwealth.

*Howard N. Stark,* for defendants.

WIEAND, *J.,* October 1, 1974.—Lawrence Ackles and Jacquelyn Perry have petitioned the court to suppress various items of evidence found in an apartment which they occupied jointly in the City of Allentown. The evidence was seized during a search conducted by members of the Pennsylvania State Police on June 4, 1974, pursuant to a search warrant issued for "2½ story, white, brick dwelling, trimmed in green, 627 Ridge Ave., Allentown, Penna." Petitioners contend that the building thus described contained four separate apartments and that the description of the premises to be searched, therefore, was inadequate.

We are guided in our determination of this issue by certain principles set forth in Commonwealth v. Coper-

tino, 209 Pa. Superior Ct. 63, 67, 68, 224 A.2d 228 (1966): "In a case such as this," Judge Jacobs wrote, "the issue of probable cause to support the warrant and the issue of the particularity of the description of the place to be searched must be considered together since the scope of the warrant depends on the showing of probable cause." Continuing (at p. 68), he said: "Normally, separate living units of a multiple tenant building must be treated as if they were separate dwelling houses and probable cause must be shown to search each one. . . . But there are two exceptions to that rule: a warrant directing the search of more than one living unit may be valid if there is cause to believe all are being used for the unlawful purposes involved, or there is cause to believe the premises covered by the warrant are used as a single unit." See also: Commonwealth v. Johnson, 229 Pa. Superior Ct. 182, 323 A.2d 26 (1974); Commonwealth v. Creamer, 35 Lehigh 408 (1973).

In determining whether probable cause has been established for the issuance of a search warrant, the issuing authority may not consider any evidence outside the affidavit: Pa. R. Crim. P. 2003(a). The facts recited in the affidavit in the instant case establish clearly that the issuing authority properly issued a warrant for 627 Ridge Avenue. The affidavit contains not the slightest hint that the premises contained more than one living unit. The premises were referred to in the affidavit as a "brick dwelling." The information given by the confidential informant, as recited in the affidavit, was that "upon entering the premises the aforementioned informant did observe numerous tin foil packets containing a white powder in the premises." The issuing authority, therefore, had no alternative but to issue the warrant for the premises at 627 Ridge Avenue.

Where evidence is seized by virtue of a search war-

rant which has been properly issued by an issuing authority, must it be suppressed when subsequent evidence discloses that the warrant was broad enough to apply not only to an apartment occupied by defendants but also to one or more apartments occupied by persons who have given no cause to believe that they were engaged in any illegal activity? The same issue was presented in United States v. Poppitt, 227 F. Supp. 73 (D.C. Del., 1964). It was there held that the warrant should be sustained if the affiant had probable cause to believe that the house and the illegal activity were as he had described them in the affidavit. See also: United States v. Santore, 290 F. 2d 51, 66-67 (2nd Cir.), cert. denied 365 U. S. 834, 81 S. Ct. 749, 5 L. Ed. 2d 744 (1961).

In the instant case, the evidence shows that Trooper Robert F. Gerken, the affiant, had been told by his informant that the place where the informant had seen the suspected heroin was defendants' residence. This residence, he told affiant, was at 627 Ridge Avenue, where defendants lived on one floor—the first floor. A check with the post office by the affiant confirmed that defendants' mailing address was 627 Ridge Avenue and that the address contained no reference to an apartment. A surveillance conducted by the affiant of the front of the building revealed what appeared to be a 2½-story, white, brick dwelling, with green trim.[1] In the center of the facade of the building was a door which bore the number 627. At the northwest corner of the building there was an arch and a flight of stairs leading to the second floor of the building. In fact, it was the entrance to a second-floor apartment situated at the front of the building. On the arch, however, was the number 629.

---

1. During the period of surveillance, Gerken observed no one entering or leaving the building.

Gerken testified further,[2] and the court finds, that he had no knowledge of two additional apartments which were situated at the rear of the building. He was also unaware of the entrances thereto or the mailboxes intended to service the same, all of which were situated on the south side of the house, at the rear thereof. From the information then in his possession, Gerken concluded that there were two residential units in the building, one on the first floor and one on the second floor, and that the second-story unit was known as No. 629 Ridge Avenue. We are unable to find that this conclusion was unreasonable or unwarranted.

Defendants argue that Gerken was obliged to conduct a more detailed investigation of the building and suggest that if he had entered or walked around the building the existence of additional units could have been ascertained. In effect, they would have us require the police to ascertain, prior to the issuance of a search warrant and at the peril of having the warrant declared invalid, the number of living units located in what appears to be a single residential unit. This we will not do. All that is required is that the police have probable cause to believe that there is but one unit at a numbered address.

Although defendants have called our attention to no appellate court decision supporting their position, our own research reveals some support for requiring the police to determine the true facts at their peril in the dissenting opinion in Commonwealth v. Jackson, 212 Pa. Superior Ct. 274, 243 A. 2d 217 (1968). In addition to the obvious fact that such a view was not adopted by the majority of the Superior Court, however, it is also apparent that in the instant case the

---

2. Gerken's testimony was neither contradicted nor shaken.

facts relied upon to establish probable cause are stronger than in that case. In Jackson there was no independent investigation of the facts recited by the informant. There was only a telephone call from an informant that stolen items were being moved "to a third floor apartment." The affiant in that case made no effort to ascertain whether there was more than one apartment on the third floor. Nevertheless, a majority held the information supplied by the informant to be sufficient to constitute probable cause for the issuance of a warrant to search the third floor. In the instant case, the informer told affiant that defendants lived on the bottom floor, and affiant made his own investigation. His investigation revealed defendants' mailing address to be 627 Ridge Avenue and disclosed no reason to believe that the first floor contained living quarters other than those occupied by defendants. The entrance to a second-floor unit, of which affiant was cognizant, bore the number 629.

Under these circumstances, we hold that Trooper Gerken did have probable cause to believe that the premises occupied by defendants were known as 627 Ridge Avenue and that there were no separate apartment units at that address. The search warrant, therefore, was validly issued. The petitions to suppress evidence seized during the execution of the warrant will be dismissed.

## ORDER

Now, October 1, 1974, for reasons set forth in the foregoing opinion, it is ordered that petitions to suppress evidence in the above captioned criminal actions be and the same are hereby dismissed, and such evidence, upon proper proof thereof, may be used upon the trial of said actions.

This order, as well as the record of the hearing held on said petitions to suppress evidence, shall be impounded and shall not be disclosed to persons other than the parties and their attorneys prior to final determination of said above captioned actions.